## HOBBS v. STATE TRUST CO. et al.

(Circuit Court of Appeals, Fifth Circuit. June 4, 1895.)

### No. 346.

1. VENDOR'S LIEN—EMINENT DOMAIN.
   A railway company which had made a mortgage covering after-acquired property began proceedings to condemn land of H. The compensation awarded not being paid, H. began a suit to restrain the railway company. A compromise sum was then agreed on, but not paid, and the court in H.'s suit decreed a lien in H.'s favor on his land taken by the railway company, and ordered it sold. H. bought it in at the sale. Afterwards, in a foreclosure suit by the mortgagee of the railway, the mortgage was declared a valid lien on H.'s land, and it was ordered to be sold. *Held* error; that H. retained a valid vendor's lien and acquired a perfect title by the sale in his suit.

2. EQUITY PRACTICE—BILL OF REVIEW.
   The rule that before a bill of review can be filed the decree sought to be reviewed must be obeyed and performed, does not apply to a party who is not required by the decree to do anything.

Appeal from the Circuit Court of the United States for the Northern District of Alabama.

This was a bill of review filed by Thomas M. Hobbs against the State Trust Company and others to review and reverse a decree rendered in a suit by the State Trust Company against the Decatur, Chesapeake & New Orleans Railway Company and Thomas M. Hobbs for the foreclosure of a mortgage. The circuit court dismissed the bill. Complainant appeals. Reversed.

The Decatur, Chesapeake & New Orleans Railway Company on June 25, 1889, executed a deed of trust to the American Loan & Trust Company on all of its property, rights, and privileges then or thereafter acquired, as security for three millions of bonds running for 40 years, with interest coupons attached. $1,300,000 of these bonds were issued. In consequence of default in the payment of interest, the American Loan & Trust Company, trustee, on December 15, 1890, filed its bill in the United States circuit court for the Northern district of Alabama against the Decatur, Chesapeake & New Orleans Railway Company for the foreclosure of the deed of trust, the sale of the property, and the rights and privileges therein described, and the payment of the outstand-

ing bonds. On January 5, 1891, a decree was rendered accordingly. This decree not having been executed, on August 3, 1891, the State Trust Company of New York, the successor of the American Loan & Trust Company as such trustee in the deed of trust, filed its supplemental bill in the above suit, reiterating many of the matters in the original bill, and setting up that the appellant, Thomas M. Hobbs, and others claimed some lien or interest in the premises, for which they were made parties defendant, and praying that the lien of the deed of trust be declared superior to all others, that the defendants be forever barred, and that a foreclosure of the deed of trust be had for the benefit of the bondholders. Thereupon, the appellant, Thomas M. Hobbs, filed his answer to the original and supplemental bills, and therein averred that on August 1, 1890, the Decatur, Chesapeake & New Orleans Railway Company filed its application in the probate court of Limestone county, Ala., for the condemnation of right of way 100 feet wide in, through, and over his (the appellant's) land in Limestone county, Ala.; that thereupon answer was filed, the jury was impaneled, a trial was had, the damages were assessed at $8,196.33, and a judgment of condemnation was rendered August 18, 1890, all in conformity to the statutes of Alabama; that payment of these damages not being made, as required by the constitution of Alabama, the appellant, on September 1, 1890, filed his bill in the chancery court of Limestone county, Ala., against the Decatur, Chesapeake & New Orleans Railway Company et al., and obtained a preliminary injunction restraining the defendants therein from taking the right of way until payment of the damages was made; and that thereupon, on September 3, 1890, a compromise was made by the appellant with the Decatur, Chesapeake & New Orleans Railway Company, by which such damages were fixed at $2,500, payment of which was to be made by September 15, 1890. Said Hobbs further answered that the Decatur, Chesapeake & New Orleans Railway Company having failed in the payment of the compromise sum, the appellant at the March term, 1891, of the chancery court of Limestone county, Ala., by amendment to his bill, brought the compromise before the court, and thereupon by decree the court declared a lien on the right of way in his favor to the extent of $2,500; that on April 13, 1891, the register, after due advertisement, made sale of the right of way at public auction to the appellant, the highest bidder, executed to him a deed, and placed him in possession,—all of which was duly confirmed by the court; that the rails and ties had been laid in and on the right of way and were a part of the real estate; and that the deed of trust was not filed in Alabama for record, nor did the appellant have any notice of it whatever, until after September 27, 1890. In the said answer the said Hobbs specifically averred as follows: "After this defendant thus bought the right of way on April 15, 1891, he severed, removed, and sold the rails thereon, as he had a right to do, they having become real estate when thus laid in the track, roadbed, and earth." To the said answer were attached exhibits showing transcript of the proceedings before the probate court of Limestone county, Ala., instituted by the Decatur, Chesapeake & New Orleans Railway Company, to condemn the lands of Hobbs for the use of said railway company as a right of way, and the proceedings had in the chancery court for the Northwestern division in the Fifth district of Alabama, wherein the amount of the compromise between the railway company and said Hobbs was declared to be a lien upon the lands covered by the right of way for the amount of $2,500, and the same were ordered sold to satisfy said lien, etc. Issue was joined upon the said answer, and thereafter the cause was heard, and a decree pronounced, to the effect that the mortgage made by the Decatur, Chesapeake & New Orleans Railway Company to the American Loan & Trust Company was a valid and subsisting mortgage and constituted a first lien upon the mortgaged premises, property, and franchises described in said mortgage, and further decreeing a foreclosure of the lien and a sale of the railway property to satisfy the same.

The present case is one made by a bill of review filed April 6, 1893, by Thomas Maclin Hobbs, complainant below, appellant here, wherein the foregoing proceedings in cause No. 166 are recited, and the charge made that the said decree of foreclosure is erroneous, in this: That it makes the lien of the mortgage or deed of trust, therein referred to, superior to the lien or right of complainant, Thomas M. Hobbs, as to certain described lands; and asserting

that the said decree should have saved, reserved, and excepted the said described lands as the property of the said Hobbs, and that the said decree should have declared that the title of the said Hobbs to the lands described was and is superior to the title conveyed by and held under said mortgage or deed of trust. The said bill prays that the said decree may be reviewed, reversed, and set aside, and that the right of way of the said Decatur, Chesapeake & New Orleans Railway Company through the lands of orator be declared not subject to the lien of said mortgage or deed of trust, but that the title of complainant in and to the same be declared to be superior, etc. On August 5, 1893, the Decatur, Chesapeake & New Orleans Railway Company appeared by its solicitor and moved the court to dismiss the bill of review for want of equity, assigning: (1) It affirmatively appears that the decree of this honorable court in cause No. 166 now sought to be reviewed is not erroneous, because the said complainant herein, Thomas M. Hobbs, in his answer in said cause No. 166, and in the fifth paragraph thereof, admitted that he severed, removed, and sold the rails on said right of way, and this court has the right to assume that he had thus been fully paid for said right of way. (2) The complainant does not now offer to pay for said rails, or otherwise to do equity. On the 22d day of August, 1893, the State Trust Company, made defendant to the bill of review, appeared and filed an answer, averring the same matters set up by the railway company in its motion to dismiss for want of equity, and further answering that under the decree sought to be reviewed the right of way purchased by the Decatur, Chesapeake & New Orleans Railway Company of the complainant has been sold and conveyed to the Middle Tennessee & Alabama Company, which company is now the owner of said right of way, including all the rights and franchises of the Decatur, Chesapeake & New Orleans Railway Company; and on the same day the said trust company filed a demurrer to the bill of review, and for causes of demurrer assigned: "(1) That it appeareth, by complainant's own showing by said bill, that he is not entitled to the relief prayed by the bill against the defendant in this suit. (2) That it appeareth from the face of said bill that the decree of this court in cause No. 166 on the equity docket thereof is not erroneous, as alleged in the complainant's bill filed herein. (3) That it appeareth from the bill filed herein that the plaintiff does not offer to do, equity, in this, that he does not offer to pay the value which in his answer to said original bill in cause No. 166, and in the fifth paragraph thereof, he admits that he severed, removed, and sold from said right of way. (4) The said plaintiff does not now offer to pay for the value of the rails which he severed, removed, and sold from the right of way, as set forth and admitted in his said answer in said cause." Without any further proceedings by way of setting down the demurrer for argument, setting down the cause for hearing on the bill and answer, putting the answer at issue by replication, or by taking any evidence, the cause appears to have been brought before the court and argued, whereupon the court on the 23d day of April, 1894, dismissed the bill.

On this appeal, the errors complained of in the court below are as follows: "(1) In rendering a decree dismissing the bill herein. (2) In not granting complainant the relief prayed for in his bill. (3) In failing to review and reverse the original decree sought to be reviewed and reversed. (4) In failing to declare the lien and right of Thomas M. Hobbs superior to the lien and right of the mortgage or deed of trust sought to be foreclosed by the original bill, in and to the lands described in the paragraph of the bill herein immediately, the prayer of said bill being the last, or fifth, paragraph. In failing to decree that the said lands referred to in said bill, or so much of the right of way, roadbed, track, etc., of said Decatur, Chesapeake & New Orleans Railway Company as ran in and through the property of the said Thomas M. Hobbs, in Limestone county, Ala., should have been saved, reserved, and excepted from the operation of the decree in the original case foreclosing said mortgage or deed of trust. (5) In failing to decree that the title of Thomas M. Hobbs to the lands referred to in the last paragraph (5) of the bill herein was and is superior to the title conveyed by and held under, and sought to be enforced through, the said mortgage or deed of trust sought to be enforced in the original suit. (6) In failing to review and reverse and set aside the decree in the original case foreclosing said mortgage or deed of trust in so far as to declare

the title of Thomas M. Hobbs superior to that of any other defendant **or party in said cause.**"

Wm. Richardson and R. A. McClellan, for appellant.

Lawrence Cooper, for appellees.

Before PARDEE and McCORMICK, Circuit Judges.

PARDEE, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

From the record we are unable to say on what issue this cause was disposed of in the court below, but as presented in the briefs of counsel (there was no oral argument) the question here is the same as though a general demurrer for want of equity in the bill was sustained; and, further, we notice that in the original decree sought to be reviewed in the present bill of review no question of fact was or is in dispute, and that it is practically conceded that in the original cause the facts were that the Decatur, Chesapeake & New Orleans Railway Company commenced proceedings in the probate court of Limestone county, Ala., for the condemnation of a right of way for its roadbed over and through Hobbs' land, resulting in a jury trial, in which the jury ascertained and assessed Hobbs' damages and compensation for such right of way at the sum of $8,196.33, on which judgment of condemnation was rendered in conformity to the laws of the state; that thereafter, the damages and compensation so as aforesaid assessed not being paid, and the railway company notwithstanding going on with its work, Hobbs filed his bill in the chancery court of Limestone county, Ala., obtaining thereon a preliminary injunction restraining the railway company and its agents from taking the right of way or building the roadbed thereon till such damages had been paid, and thereupon a compromise was made between the railway company and Hobbs, in writing, whereby Hobbs was to convey said right of way for the sum of $2,500 as his compensation and damages in the premises, the same to be paid September 15, 1890; that no part of this $2,500 having been paid, Hobbs brought the compromise before the chancery court of Limestone county, had it enforced by a decree which recognized his vendor's lien in the sum of $2,500 and interest upon the land covered by the right of way, and ordered the same to be sold to pay said sum; and this decree not having been paid off, the register, after legal notice, sold the right of way, with the roadbed, rails, and ties thereon, to the highest bidder for cash, at the courthouse door in Limestone county, Hobbs becoming the purchaser at the amount of such lien, interest, and costs, and taking a deed for the property from the register; and that thereafter Hobbs removed and sold the rails on such right of way for his own account.

The erroneous ruling of law complained of by the appellant Hobbs in the original decree sought to be reviewed is that the decree of the chancery court of Limestone county recognizing appellant's vendor's lien, under which, by regular proceedings, the appellant had become the purchaser and the owner of the right of way across his own land, was treated as absolutely null. That this ruling was er-

roneous as a matter of law we do not think can be disputed. The facts, as conceded, do not show that the appellant ever actually parted with the title to the land in controversy, but do show that he opposed at every step the proceedings of the railway company to take his land without previous compensation. If, however, it be taken for granted that by the proceedings of compromise he consented to convey title upon condition that the amount of the compromise should be paid, it seems clear to us that when the amount was not paid he had a right to go into a court of competent jurisdiction, assert his vendor's lien, and have the same foreclosed. When he did this, and at the foreclosure sale became the purchaser, it appears to us that thereby he acquired a full and complete title to the land in controversy, subject to the statutory right of the railway company to redeem. At no stage of the proceedings does it appear that the appellant Hobbs lost or waived his superior vendor's lien on the land, so that the lien of the mortgage granted by the Decatur, Chesapeake & New Orleans Railway Company to the American Loan & Trust Company could attach to his prejudice, even if it is not correct to hold, in view of the whole proceedings, that in equity the appellant never parted with the title, but retained the same from the beginning.

The main argument in this court is to the effect that when the appellant, after he became the purchaser under the decree of sale on the foreclosure of the vendor's lien, sold the rails and ties found on the right of way for his own account, he thereby did something inequitable, which precluded a court of equity from recognizing his legal title to the land in controversy. It does not appear that he was asked to account for, or that any account was taken of, the sum realized for the sale of rails and ties, and all that can be gathered as to the amount so realized is an assertion that the sum was more than the value of the right of way. We are unable to see any force in this argument. When the appellant became the purchaser at the foreclosure sale, he became the owner of the land and its appurtenances, and it would seem that he had the right to deal with them as he saw fit, subject only to a right to redeem under the statute of the state; but whether he had or not, it is clear to us that no liability which he may have subsequently incurred to account to the railway company for rails and ties sold or appropriated by him would operate to defeat his title to the land itself. Counsel for appellees cites authority to the effect that before a bill of review can be filed the decree sought to be reviewed must be first obeyed and performed. Conceding the rule contended for, we fail to see its applicability in the present case. The decree complained of appears to have left nothing for Hobbs (now the complainant in the bill of review) to perform, not even, so far as the record goes, adjudging costs against him.

An attack is also made upon the proceedings in the chancery court, —not that jurisdiction in that court is wholly denied, but the claim is that the proceedings were not regular, in that the amendment by which the compromise was brought before the court was improper, and the proceedings had thereunder were not in accordance with the recognized equity practice in the state of Alabama. We take it

that the chancery court acquired jurisdiction by the bill filed for an injunction, and that thereafter it would naturally have jurisdiction to reject, or to affirm and enforce, any compromise made by the parties therein when brought to its attention.   That the trust company, plaintiff in the original suit, was not a party to the proceedings in the chancery court is not suggested; but, even if it were, we are inclined to the opinion that until the title of the railway company attached to the right of way in question the trustee under the mortgage was without interest, and therefore not a necessary party to the proceedings, to say nothing of the fact that the proceedings were instituted in the chancery court before the mortgage to the trust company was recorded in Alabama.   The circuit court erred in dismissing the bill of review, and the decree appealed from is reversed, and the cause is remanded to the circuit court, with instructions to overrule the demurrers of the Decatur, Chesapeake & New Orleans Railway Company and of the State Trust Company, and thereafter proceed in conformity with the views expressed herein and as equity may require.